**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BOISEJETCO, LLC, a corporation | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | JURY TRIAL DEMANDED |
| Corporation, and ROBERT DIVER, an | ) | |
| individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES BOISEJETCO, LLC, by and through their attorneys, Joseph A. Bosco and David J. Aron of LaRose & Bosco, Ltd. and Kamie Brown of Ray Quinney & Nebeker P.C. and for its Complaint at Law against the CITY OF CHICAGO and ROBERT DIVER, states as follows:

### THE PARTIES

1. Plaintiff BOISEJETCO, LLC, (herein "BOISEJET") is a limited liability company incorporated in Idaho with its principal place of business in Salt Lake City, Utah.

2. The sole member of BOISEJET is ECCLES FLYING COWBOY, LLC, (herein "EFC"), a limited liability company organized under the laws of Idaho with its principal place of business in Salt Lake City, Utah. The members of EFC are Spencer F. Eccles, an individual, DJB Gas Services, an S corporation incorporated in Utah, and Cynosure Management, LLC, a limited liability company organized under the laws of Utah. These members are residents of, or have their principal places of business in, Salt Lake City, Utah.

1

3. BOISEJET was the owner of a certain Cessna Citation CJ 2+ aircraft, aircraft registration number N721ES, (herein "Cessna") that was damaged in the accident that is the subject of this suit.

4. Defendant CITY OF CHICAGO (herein "the CITY") is a municipal corporation and a political subdivision of the State of Illinois. The CITY owns Chicago Midway International Airport (herein "Midway") and possesses an Airport Operating Certificate. The CITY consists of various operating departments, including the Chicago Department of Aviation. The Chicago Department of Aviation operates Midway.

5. Defendant ROBERT DIVER (herein "DIVER") is an individual who was operating a motor vehicle involved in the subject accident at Midway. At the time of the subject accident, DIVER was an employee of the CITY. DIVER is a resident of Chicago, Illinois.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action through diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff does not share a state of citizenship with any Defendant and the amount in controversy exceeds $75,000.00.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the Defendants all reside in Illinois and the events giving rise to this claim transpired in Chicago, Illinois.

## THE INCIDENT

8. On May 9, 2022 the Cessna successfully completed a flight from Salt Lake City, Utah to Midway.

9. After landing at Midway at approximately 7:50 p.m., the Cessna was parked at Midway by BOISEJET to be stored and safeguarded overnight.

10. The Cessna was parked at Midway on a ramp near the Signature Flight Support hangar on the West side of Midway and remained there in an undamaged condition until the time of the accident.

11. At or about 11:25 p.m. on May 9, 2022, DIVER was driving a Ford Explorer motor vehicle at Midway during the course and scope of his employment with the CITY as an aviation security officer.

12. At or about 11:25 p.m. on May 9, 2022, DIVER crashed the Ford Explorer into the Cessna.

13. At the time of the subject accident, the Cessna was parked and stationary. No one was present inside the Cessna or operating it.

14. The Cessna was seriously damaged in the accident and declared a total loss.

**COUNT I – NEGLIGENCE – CITY OF CHICAGO AND ROBERT DIVER**

15. Plaintiff hereby restates and reincorporates paragraphs 1 through 14 as if fully set forth herein.

16. At or about 11:25 p.m. and at all times relevant, Defendant DIVER was acting within the course and scope of his employment with Defendant CITY.

17. At or about 11:25 p.m. and at all times relevant, Defendants DIVER and the CITY owed Plaintiff BOISEJET a duty to operate and control their vehicle in a reasonably safe manner and comply with the statutes of the State of Illinois and any regulations and rules applicable to ground motor vehicles at Midway Airport, including but not limited to the Chicago Department of Aviation Ground Motor Vehicle Operating Regulations Manual (herein "Ground Vehicle Manual").

18. At the time and place alleged, Defendants DIVER and the CITY were negligent in one or more of the following respects:

    a. Operated their motor vehicle without keeping a proper and sufficient lookout;

    b. Failed to operate the vehicle in a reasonably safe manner;

    c. Failed to operate the vehicle at a speed which was reasonable and proper with regard to traffic conditions so as to not endanger the safety of any persons or vehicles in violation of 625 ILCS 5/11-601;

    d. Failed to apply the brakes in order to avoid a collision with the Cessna;

    e. Failed to take any evasive action to avoid a collision with the Cessna;

    f. Operated the motor vehicle at a speed in excess of the Speed Limits mandated by the Ground Vehicle Manual;

    g. Operated the motor vehicle within twenty feet of a parked aircraft at a speed or in a manner that was unsafe or unreasonable in violation of the Ground Vehicle Manual;

    h. Failed to test the motor vehicle's brakes while approaching the Cessna in order to avoid a collision in violation of the Ground Vehicle Manual;

    i. Failed to operate the motor vehicle with extreme caution while driving at night in violation of the Ground Vehicle Manual;

    j. Operated the motor vehicle while DIVER's ability or alertness was impaired so as to make it unsafe for him to operate the vehicle in violation of the Ground Vehicle Manual;

    k. Operated the motor vehicle in a careless manner in violation of the Ground Vehicle Manual;

    l. Otherwise failed to comply with the rules and regulations in the Ground Vehicle Manual.

19. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendants DIVER and the CITY, the motor vehicle operated by DIVER crashed into the Cessna.

4

20. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendants DIVER and the CITY, the Cessna was seriously damaged and declared a total loss.

21. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendants DIVER and the CITY, BOISEJET has sustained monetary damages resulting from the total loss of the aircraft, including but not limited to:

   a. the fair market value of the Cessna less the amounts recovered from BOISEJETCO's insurer;

   b. the cost of charter flights from the time of the accident through approximately August 2022, when a lease for a replacement aircraft was secured;

   c. the cost to temporarily lease another aircraft from late August 2022 until a new aircraft is available to be purchased from the Cessna corporation, including sales and use taxes on the lease payments. It is expected that the term of this temporary lease for another aircraft will run for approximately 16 months;

   d. time expended by members of BOISEJET to review and negotiate the 16-month lease of another aircraft, compensable at their normal hourly rate;

   e. the costs and fees for legal services of an attorney to review and negotiate the 16-month lease of another aircraft;

   f. the costs of securing private transportation from Midway to Rockford International Airport after the accident as their charter flight back to Salt Lake City was unable to depart from Midway;

   g. Other consequential damages as a result of the loss of use and destruction of the aircraft.

WHEREFORE, Plaintiff BOISEJETCO, LLC, demands judgment against Defendants CITY OF CHICAGO and ROBERT DIVER, in an amount in excess of $2,700,000.00 plus costs, pre-judgment interest, and for all other relief this Court deems fair and just.

Respectfully submitted,


/s/ Joseph A. Bosco

Joseph A. Bosco
David J. Brown
Kamie Brown
Attorneys for Plaintiff BOISEJETCO, LLC

Joseph A. Bosco - ARDC: 6182545
David J. Aron - ARDC: 6320232
LaRose & Bosco, Ltd.
1011 Lake Street, Suite 100
Oak Park, IL 60301
(312) 642-4414
jbosco@laroseboscolaw.com
daron@laroseboscolaw.com

Kamie Brown (*Pro Hac Vice* Pending)
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
(801) 323-3348
kbrown@rqn.com

6